IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STANLEY SYRRA DESIRADE,<br>    *a/k/a* "J"<br>    *a/k/a* "JJ"<br>    *a/k/a* "Flawless"<br>    *a/k/a* "Skrilla"<br>(Counts 1, 3-7)<br><br>TERRELL ANTHONY HALE,<br>    *a/k/a* "Frank"<br>(Counts 1-6, 8)<br><br>BRIANNA ANTHEA JORDANE MILLS,<br>(Counts 1, 3)<br><br>    *Defendants.* | UNDER SEAL<br>Case No. 1:23-cr-40-CMH<br><br>Count 1: 18 U.S.C. § 1349<br>(Conspiracy to Commit Bank Fraud)<br><br>Counts 2-5: 18 U.S.C. § 1344<br>(Bank Fraud)<br><br>Count 6: 18 U.S.C. § 1028(f)<br>(Conspiracy to Commit Identity Fraud)<br><br>Counts 7-8: 18 U.S.C. § 1028A<br>(Aggravated Identity Theft)<br><br>FORFEITURE NOTICE |

FILED IN OPEN COURT
FEB 21 2023
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**INDICTMENT**

February 2023 Term – at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Indictment, unless stated otherwise:

    1.    Bank-1 provided a range of traditional banking services throughout the United States, including in the Eastern District of Virginia, and is a financial institution as defined by Title 18, United States Code, Section 20.

    2.    Bank-2 provided a range of traditional banking services throughout the United States, including in the Eastern District of Virginia, and is a financial institution as defined by Title 18, United States Code, Section 20.

1

3. Bank-3 provided a range of traditional banking services throughout the United States, including in the Eastern District of Virginia, and is a financial institution as defined by Title 18, United States Code, Section 20.

4. Bank-4 provided a range of traditional banking services throughout the United States, including in the Eastern District of Virginia, and is a financial institution as defined by Title 18, United States Code, Section 20.

5. Defendant STANLEY SYRRA DESIRADE resided in Lanham, Maryland, as well as other locations in the Washington, D.C. area.

6. Defendant TERRELL HALE resided in Rockville, Maryland, as well as other locations in the Washington, D.C. area.

7. Defendant BRIANNA ANTHEA JORDANE MILLS resided in Laurel, Maryland, as well as other locations in the Washington, D.C. area. From on or about December 14, 2015, to on or about March 21, 2016, MILLS was a bank teller at Bank-1. As part of her duties, MILLS had access to customer account information, including account numbers, true names, and physical addresses of Bank-1 customers.

8. D.N. resided in Atlanta, Georgia, as well as other locations in the Atlanta metro area.

### Count 1
(Conspiracy to Commit Bank Fraud)

9. The allegations contained in paragraphs 1 through 8 of the Indictment are realleged and incorporated by reference as if set forth fully here.

10. From at least on or about February 2016 to at least on or about January 2020, in the Eastern District of Virginia and elsewhere, Defendants

**STANLEY SYRRA DESIRADE,
TERRELL ANTHONY HALE, and
BRIANNA ANTHEA JORDANE MILLS**

conspired and agreed with each other, D.N., and others known and unknown to the grand jury to commit bank fraud, in violation of Title 18, United States Code, Section 1344, by knowingly executing and attempting to execute a scheme and artifice to defraud financial institutions—namely, Bank-1, Bank-2, Bank-3, and Bank-4—and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of those financial institutions by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1349.

*The Object of Conspiracy*

11. It was the object of the conspiracy for Defendants to obtain the account information of customers of various financial institutions and to misuse that information to fraudulently withdraw money from the customers' accounts without the customers' knowledge or consent. By doing so, Defendants intended to obtain money under the control of a financial institution by false pretenses and representations.

*The Manner and Means of the Conspiracy*

12. To achieve the object of the conspiracy, Defendants engaged in the following conduct in the Eastern District of Virginia and elsewhere:

13. Defendants would first obtain the personally identifiable information ("PII") of various bank customers. This included, but was not limited to, their names, social security numbers, addresses, and dates of birth. Using that PII, Defendants created false identification documents ("IDs"). Those false IDs listed the true PII of customers but the picture of a member of the conspiracy.

14. Defendants would use those false IDs to make, and cause to be made, false and fraudulent representations to Bank-1, Bank-2, Bank-3, and Bank-4 in order to obtain customers' money. Sometimes, a conspirator would personally go into a branch location of a bank, pretend to be the identity theft victim, and withdraw money belonging to the victim and under the custody and control of the bank. Other times, Defendants recruited individuals (the "Runners") to go into the branch, withdraw money, and deliver it to members of the conspiracy.

15. DESIRADE's role in the conspiracy was, among other things, to manage the scheme to defraud, identify banks to defraud, coordinate the production and transfer of false IDs, recruit people into the conspiracy, and distribute the fraudulent proceeds.

16. D.N.'s role in the conspiracy was to produce the false IDs to DESIRADE's specifications and deliver them to DESIRADE.

17. HALE's role in the conspiracy was, among other things, to facilitate communication between DESIRADE and the Runners, transport the Runners to and from the bank, and recruit people in the conspiracy. On many occasions, HALE acted as a Runner and withdrew money from a victim's account using a false ID.

18. MILLS's role in the conspiracy was to obtain the PII of the customers and pass that information to DESIRADE for him to use in furtherance of the conspiracy. On at least one occasion, MILLS acted as a Runner and conducted transactions with Individual-1.

19. During the course of the conspiracy, Defendants obtained the PII of dozens of customers—including those listed below—and unlawfully accessed or attempted to access their funds. These customers did not authorize any member of the conspiracy to withdraw money from their account or on their behalf.

**Fraudulent Transactions Involving N.L.'s Bank Account**

20. N.L. was a resident of Baltimore, Maryland who maintained a bank account at Bank-1 ending in 8473.

21. On or about February 20, 2016, MILLS—an employee of Bank-1—accessed N.L.'s account information.

22. On or about March 10, 2016, a coconspirator ("CC-1") went into a Bank-1 branch in Stafford, Virginia, which is within the Eastern District of Virginia. CC-1 pretended to be N.L., presented a false ID in N.L.'s name, and withdrew $3,500 from N.L.'s bank account.

23. Based on CC-1's fraudulent representations, a bank teller at Bank-1 allowed CC-1 to withdraw $3,500.

**Fraudulent Transactions Involving H.A.'s Bank Account**

24. H.A. was a resident of Rockville, Maryland who maintained a bank account at Bank-1 ending in 4622.

25. On or about February 26, 2016, MILLS—an employee of Bank-1—accessed H.A.'s account information.

26. On or about May 16, 2016, DESIRADE sent H.A.'s PII to D.N. and D.N. prepared a false ID with H.A.'s PII but HALE's face.

27. On or about May 16, 2016, DESIRADE called Bank-1 and attempted to check the balance of H.A.'s account. In doing so, DESIRADE provided H.A.'s name, account number, and partial social security number.

28. Also, on or about June 27, 2016, HALE went into a Bank-1 branch in Vienna, Virginia, which is within the Eastern District of Virginia. HALE pretended to be H.A., presented the false ID in H.A.'s name, and withdrew $5,000 from H.A.'s bank account.

29. Based on HALE's fraudulent representations, a bank teller at Bank-1 allowed HALE to withdraw $5,000.

### Fraudulent Transactions Involving S.M.'s Bank Account

30. S.M. was a resident of Connecticut who maintained a bank account at Bank-3 ending in 0745.

31. On or about March 29, 2017, DESIRADE sent S.M.'s PII to D.N. and D.N. prepared a false ID with S.M.'s PII but a coconspirator's ("CC-2's") face. This ID was shipped to MILLS's address in Laurel, Maryland.

32. On or about March 31, 2017, CC-2 went into a Bank-3 branch in Great Falls, Virginia, which is within the Eastern District of Virginia. CC-2 pretended to be S.M., presented the false ID in S.M.'s name, and withdrew $6,500 from S.M.'s bank account.

33. Based on CC-2's fraudulent representations, a bank teller at Bank-3 allowed CC-2 to withdraw $6,500.

### Fraudulent Transactions Involving B.S.'s Bank Account

34. B.S. was a resident of Massachusetts who maintained a bank account at Bank-1 ending in 5945.

35. On or about March 2, 2018, DESIRADE sent B.S.'s PII to D.N. and D.N. prepared a false ID with B.S.'s PII but a coconspirator's ("CC-3's") face. This ID was shipped to MILLS's address in Laurel, Maryland.

36. On or about March 9, 2018, CC-3 went into a Bank-1 branch in Washington, D.C. CC-3 pretended to be B.S., presented a false ID in B.S.'s name, and withdrew $8,500 from B.S.'s bank account.

37. Based on CC-3's fraudulent representations, a bank teller at Bank-1 allowed CC-3 to withdraw $8,500.

**Fraudulent Transactions Involving K.K.'s Bank Account**

38. K.K. was a resident of California who maintained a bank account at Bank-4 ending in 2814.

39. On November 14, 2018, a coconspirator ("CC-4") went into a Bank-4 branch in Alexandria, Virginia, within the Eastern District of Virginia. CC-4 pretended to be K.K., presented a false ID in K.K.'s name, and withdrew $9,000 from K.K.'s bank account.

40. Based on CC-4's fraudulent representations, a bank teller at Bank-4 allowed CC-4 to withdraw $9,000.

(All in violation of Title 18, United States Code, Section 1349.)

## Count 2
(Bank Fraud)

41. The allegations contained in paragraphs 1 through 8 and 11 through 40 of the Indictment are realleged and incorporated by reference as if set forth fully here.

### *The Scheme to Defraud*

42. From at least on or about December 10, 2019 to at least on or about January 6, 2020, in the Eastern District of Virginia and elsewhere, Defendant

**TERRELL ANTHONY HALE**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud and to obtain the moneys, funds, credits, assets, or securities under the custody and control of Bank-2—a financial institution as defined by 18 U.S.C. § 20—by means of materially false and fraudulent pretenses, representations, and promises.

### *The Manner and Means*

43. To execute the scheme to defraud, HALE took the following actions in the Eastern District of Virginia and elsewhere:

### **Fraudulent Transactions Involving C.W.'s Account**

44. C.W. was a resident of California. At no time relevant to this Indictment did C.W. maintain an account at Bank-2.

45. On or about December 10, 2019, HALE went into a Bank-2 branch in Arlington, Virginia, which is within the Eastern District of Virginia. HALE pretended to be C.W., presented a false ID in C.W.'s name, and opened a checking account in C.W.'s name.

46. Based on HALE's fraudulent representations, a bank teller at Bank-2 allowed HALE to open an account in C.W.'s name.

47. On or about January 6, 2020, HALE—again pretending to be C.W.—returned to the Arlington branch and deposited a check of $35,500. This check was counterfeit. On January 8, 2020, HALE withdrew $15,000.

48. Based on HALE's fraudulent representations, Bank-2 allowed HALE to withdraw $15,000. C.W. did not authorize HALE or any other person to create an account in his name, deposit money into that account, or withdraw money on C.W.'s behalf.

(All in violation of Title 18, United States Code, Section 1344.)

## Counts 3-5
(Bank Fraud)

49. The allegations contained in paragraphs 1 through 8, 11 through 40, and 43 through 48 of this Indictment are realleged and incorporated by reference as if set forth fully here.

50. On or about the dates listed below, in the Eastern District of Virginia and elsewhere, Defendants indicated as to each count below knowingly and willfully executed and attempted to execute a scheme and artifice to defraud and to obtain the moneys, funds, credits, assets, or securities under the custody and control of the financial institutions listed below by means of the materially false and fraudulent pretenses, representations, and promises alleged in Count 1 and described further below:

| Count | Defendants | Date | Fraudulent Transaction |
|---|---|---|---|
| 3 | DESIRADE HALE MILLS | June 27, 2016 | Fraudulently obtained $5,000 under the custody and control of Bank-1 by presenting a false ID in H.A.'s name to a bank teller at a branch in Vienna, Virginia. |
| 4 | DESIRADE HALE | March 31, 2017 | Fraudulently obtained $6,500 under the custody and control of Bank-3 by presenting a false ID in from S.M.'s name to a bank teller at a branch in Great Falls, Virginia. |
| 5 | DESIRADE HALE | November 14, 2019 | Fraudulently obtained $9,000 under the custody and control of Bank-4 by presenting a false ID in K.K.'s name to a bank teller at a branch in Alexandria, Virginia. |

(All in violation of Title 18, United States Code, Sections 1344 and 2.)

## Count 6
(Conspiracy to Commit Identity Fraud)

51. The allegations contained in paragraphs 1 through 8, 11 through 40, 43 through 48, and 50 of this Indictment are realleged and incorporated by reference as if set forth fully here.

52. From at least on or about February 2016 to at least on or about April 2018, in the Eastern District of Virginia and elsewhere, Defendants

**STANLEY SYRRA DESIRADE, and
TERRELL ANTHONY HALE**

conspired and agreed with each other, D.N., and others known and unknown to the grand jury to transfer, possess, and use, without lawful authority, the means of identification of another person—namely, names, social security numbers, dates of birth, and addresses— knowing that the means of identification belonged to another actual person, with the intent to commit, and to aid or abet, and in connection with, any unlawful activity that constitutes a violation of Federal law—namely, bank fraud in violation of 18 U.S.C. § 1344—and the offense involved the transfer of an identification document, authentication feature, and false identification document that is and appears to be a driver's license or personal identification card.

### *The Manner and Means*

53. In furtherance of this conspiracy, Defendants engaged in the conduct described above, including, but not limited to, in Count 1.

(All in violation of Title 18, United States Code, Sections 1028(a)(7), 1028(f) and 2.)

### Count 7
(Aggravated Identity Theft)

54. The allegations contained in paragraphs 1 through 8, 11 through 40, 43 through 48, 50, and 53 of this Indictment are realleged and incorporated by reference as if set forth fully here.

55. From on or about March 2, 2018 to on or about March 9, 2018 in the Eastern District of Virginia and elsewhere, Defendant

**STANLEY SYRRA DESIRADE**

did knowingly transfer, possess, and use, and aid and abet the transfer, possession, and use without lawful authority, a means of identification of another person, namely B.S., knowing that the means of identification belonged to another person during and in relation to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, as alleged in Count 1.

(All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.)

## Count 8
(Aggravated Identity Theft)

56. The allegations contained in paragraphs 1 through 8, 11 through 40, 43 through 48, 50, and 53 of this Indictment are realleged and incorporated by reference as if set forth fully here.

57. From on or about December 10, 2019 to on or about January 8, 2020 in the Eastern District of Virginia and elsewhere, Defendant

**TERRELL ANTHONY HALE**

did knowingly transfer, possess, and use without lawful authority, a means of identification of another person, namely C.W., knowing that the means of identification belonged to another person during and in relation to bank fraud, in violation of 18 U.S.C. § 1344, as alleged in Count 2.

(All in violation of Title 18, United States Code, Sections 1028A(a)(1).)

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT THE PROPERTY DESCRIBED BELOW IS SUBJECT TO FORFEITURE:

58. Pursuant to Federal Rule of Criminal Procedure 32.2(a), Defendants STANLEY SYRRA DESIRADE, TERRELL ANTHONY HALE, and BRIANNA ANTHEA JORDANE MILLS are hereby notified that, if convicted of an offense alleged in Counts 1 through 6 of this Indictment, the Defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), their interest in any property, real or personal, constituting or derived from proceeds traceable to the offense.

59. Pursuant to Federal Rule of Criminal Procedure 32.2(a), Defendants STANLEY SYRRA DESIRADE, TERRELL ANTHONY HALE, and BRIANNA ANTHEA JORDANE MILLS are hereby notified that, if convicted of an offense alleged in Counts 1 through 6 of this Indictment, the Defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), and property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation.

60. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

61. The property subject to forfeiture includes, but is not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses.

(In accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A); Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

A TRUE BILL

*Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.*

_____
FOREPERSON

Jessica D. Aber
United States Attorney

_____
Christopher J. Hood
Assistant United States Attorney